IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| CHARLES R. WILEY | § | |
| v. | § | CIVIL ACTION NO. 5:07cv60 |
| CIVIGENICS, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Charles Wiley, a former inmate of the Bowie County Correctional Center proceeding *pro se*, filed this civil action complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Wiley raised a number of complaints about the Bowie County Correctional Center, including allegations that jail officials do not follow their own rules concerning disciplinary procedures, an officer slammed Wiley's finger in a "bean hole" door and broke his finger, jail officials will not answer grievances, he was kept in punitive segregation for 16 days without a hearing or a disciplinary case, he was denied medical treatment for his hand, he had to breathe train exhaust while in segregation which made him sick, and he was retaliated against. Wiley also made references to the Americans with Disabilities Act and to accusations that he had sexually assaulted another inmate, although he did not raise any specific claims with regard to these two matters.

The Defendants were ordered to answer the lawsuit. On September 29, 2008, Warden McCormick filed a motion to dismiss for failure to state a claim, and on October 15, 2008, all of the Defendants filed a motion for dismiss or for summary judgment. Wiley filed a response to Warden McCormick's motion.

1

In both of the Defendants' motions, they argued that they are entitled to dismissal of the case because Wiley failed to state a claim upon which relief can be granted and because Wiley failed to exhaust his administrative remedies. They set out the two-step grievance procedures of the Bowie County Jail and provided summary judgment evidence showing that prior to filing the lawsuit, Wiley had filed seven Step One grievances, but no Step Two appeals of the answers to these grievances, and that following the filing of the original complaint, Wiley filed 13 more Step One grievances, but no Step Two appeals. Thus, the Defendants say, Wiley filed a total of 20 Step One grievances which received responses, but did not file a single Step Two appeal.

Wiley attached four incomplete Step One grievances to his second amended complaint, but none of these had grievance numbers, nor were they marked with a date or time showing receipt by the grievance coordinator. None of these had responses, and all of them were dated between June and September of 2007, well after Wiley had filed his lawsuit. Wiley also attached an incomplete Step Two grievance form, which likewise did not show that it had ever been submitted to jail officials.

In his response to McCormick's motion to dismiss, Wiley said that McCormick "had a culpable state of mind to obstruct and deprive and retaliate for plaintiff's exhaustive efforts to gain compliance by defendants to adhere to their own policies and procedures and operations." He offers no facts in support of this oblique contention and does not otherwise mention the exhaustion issue.

After reviewing the pleadings in the case, the Magistrate Judge issued a Report on December 30, 2008, recommending that the lawsuit be dismissed for failure to exhaust administrative remedies. The Magistrate Judge noted that in Wiley's original complaint, he said that he had not exhausted administrative remedies, but ascribed this to the "refusal by the administration to answer any grievances." However, the summary judgment evidence shows that Wiley had no fewer than seven Step One grievances answered at the time he filed his lawsuit, but had exhausted none of these through an appeal to Step Two of the grievance process.

The Magistrate Judge concluded that Wiley's conclusory allegations to the effect that the grievance process was futile were not sufficient to overcome the exhaustion requirement, and that Wiley's contentions that none of his grievances were answered was refuted by the evidence showing that seven grievances were answered prior to the filing of the original complaint, five more grievances were answered prior to the filing of his first amended complaint, and an additional eight grievances after that. Despite this, Wiley did not appeal a single grievance to Step Two. The Magistrate Judge therefore recommended that Wiley's lawsuit be dismissed without prejudice.

Wiley received a copy of the Magistrate Judge's Report on January 7, 2009, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the motions to dismiss filed by Warden McCormick (docket no. 41) and all of the Defendants (docket no. 45) are hereby GRANTED insofar as they seek dismissal of this lawsuit for failure to exhaust administrative remedies. It is further

ORDERED that the above-styled civil action is hereby DISMISSED without prejudice for failure to exhaust administrative remedies. 42 U.S.C. §1997e. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 2nd day of February, 2009.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE